IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00540-REB-BNB

GEN. L. GRIER,

Plaintiff,

v.

CHASE BANK,

Defendant.

_____

## ORDER
_____

This matter arises on **Defendant's Motion For A More Definitive Statement Pursuant to Fed. R. Civ. P. 12(e)** [Doc. #13, filed 03/31/2011] (the "Motion"). The Motion is GRANTED.

The plaintiff initiated this case by filing an initial "Complaint Under Simplified Civil Procedure" in the Jefferson County District Court on February 1, 2011. *Motion*, Ex. A [Doc. #2 in this court's docketing system] (the "Initial Complaint"). He also filed a First Amended "Complaint Under Simplified Civil Procedure" on February 1, 2011. Id. at Ex. B [Doc. #3] (the "First Amended Complaint"). On February 2, 2011, the plaintiff filed in the Jefferson County District Court a "2nd Amended Complaint Under Simplified Civil Procedure." Id. at Ex. C [Doc. #5] (the "Second Amended Complaint"). On February 11, 2011, the plaintiff filed in the Jefferson County District Court a one page document entitled "Amended Motion plus Amended Judgment Clause" which sought to amend the relief requested in the Second Amended Complaint. Id. at Ex. D [Doc. #6] (the "Supplemental Complaint"). On February 15, 2011, the

Jefferson County District Court entered an order granting the motion and construing it as a motion to amend the complaint. Id.

On March 4, 2011, the defendant removed the case to this court on the basis of federal question jurisdiction because the plaintiff "invokes certain laws of the United States," or in the alternative, on the basis of diversity jurisdiction. *Notice of Removal*, [Doc. #1], p. 2.

All of the complaints name Chase Bank as the sole defendant. The Initial Complaint states that the amount claimed from Chase Bank is $200,000.00 and that the claim arises from "ing, From ATM No. C05728." Id. at Ex. A, p. 1. The plaintiff attaches to the Initial Complaint duplicate copies of two separate ATM withdrawal slips from ATM Number C00167. Id. at pp. 4-5. The first withdrawal slip shows a date of 00/00/00 and a time of 00:00, and states that a transaction was denied for card number 5652. Id. The second withdrawal slip shows a date of 12/23/10 and time of 10:51, and shows that an amount of $80.00 was withdrawn, a fee of $3.00 was assessed, and a balance of $939.31 exists for card number 5652. Id.

The First Amended Complaint states that the amount claimed from Chase Bank is "$500,000.00 plus $15.00" and that the claim arises from "-ing, from ATM No. C05728; Racial Discrimination." The plaintiff attaches to the First Amended Complaint several pages of handwritten gibberish. For example, the first several pages state:[1]

> Discovery" _____:
> On or about 10-14-2010; I Invt. A Gen. L. Grier, sought to deem
> an offering by above listed 'defendant.' Although defendant's
> questioning to a questioned one, (feed-back to question one); in
> which were biasly answered. Questioned one; although previous
> (3-day old advertisement of $125.00 offering, with direct

---

[1] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

>checking's account, as in along with a company's payment of a direct deposit. Racial discrimination advice had set in, offering; there were no 'sign in window'; and that to entervine in checking account deems, I were advised that it were a hand-picked selection, off of an internet, at random, "there indiviual choosing.
>
>Second Charge: _____
>Although; moreover, properganda of defendant's banking - trust aggreements are not clear, vague; such as exhibit I booklet advises; . : _____
>
>Fraud: Although defendant; consides, that there are '<u>no</u>' rules, within 'Chase's' "Account Rules and Regulations" booklet (governing Exhibit I) governing "monies," in a purchased check - form, or in which is entermed as a 'money-order'; in which I, on same day, (12-21-10) asked to purchase, as to '<u>either</u>;'; I were told, "that just because, I had paid an terminial fee, of $3.00 to withdraw a sum of $640.00, and that I had aggreed to the exspense of a cashiers' check or a money order, request were 'denied' upon '<u>racial discrimination</u>', subject to "<u>race, creed or color</u>; and that to pay local rent by cash, if it envolved my safety enroute going toward home; (Colfax Ave. - Days' Inn); that would be would be a personal matter of my own inquott.

*Motion*, Ex. B, pp. 2-4.

The First Amended Complaint also lists the following "Statement of Charges":

>1.) Brokened Bank Trust Laws; violated
>
>2.) Biasness in contempt; violation
>
>3.) Fraud; through means of deceptiveness; in violation
>
>4.) Disability Act Law; violation
>
>5.) Racial Discrimination; violation
>
>6.) Race, Creed or Color; violation
>
>7.) Repeat of Fraud Charges Second Account or Two; violated:

<u>Id.</u> at p. 6.

3

The Second Amended Complaint states that the amount claimed from Chase Bank is "$500,000.00 plus $15.00" and that the claim arises from "ATM No. C05728; Racial Discrimitory Practices;." *Motion*, Ex. C, p. 1. Attached to the Second Amended Complaint are several handwritten pages of gibberish that appear to address an issue with the United States Post Office. Id. at pp. 5-7.

In his Supplemental Complaint, the plaintiff states that he is "correcting an error" regarding the "amount of relief." Id. at Ex. D, p. 1. He states:

> Relief Judgements should reads - as follows:
>
> 1. Chase Bank = $500,000 plus $15.00
>
> 2. Verizon - 1.4 Mil. plus $500.00
>
> 3. Radio Shack = $200,000 plus $500.00
>
> 4. Foreign Car Specialist - $160,000.00

Id.

The defendant moves for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

The Federal Rules of Civil Procedure also require that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is

entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

It is impossible to discern the substance of the plaintiff's claims. The plaintiff does not make clear the actions or inactions of the defendant and how those actions or inactions violate any particular statutory or constitutional provision. The plaintiff's complaints utterly fail to provide notice of his causes of action as required by Rule 8.[2]

The plaintiff's complaints are stricken. The plaintiff shall file a third amended complaint. The plaintiff may not incorporate by reference his previous complaints into the third amended complaint. The third amended complaint must stand alone; it must contain all of the plaintiff's claims. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect") (internal quotations and citations omitted).

In addition, because the plaintiff is proceeding *pro se*, he must "use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.

---

[2] I am aware that the plaintiff is proceeding *pro se* and that I must liberally construe his pleadings. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). However, I cannot act as his advocate, and he must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

IT IS ORDERED:

1. Defendant's Motion For A More Definitive Statement Pursuant to Fed. R. Civ. P. 12(e) [Doc. #13] is GRANTED;

2. The plaintiff's complaints [Docs. #2, #3, #5, and #6] are STRICKEN for failure to comply with Fed.R.Civ.P. 8 and D.C.COLO.LCivR 8.1A;

3. The plaintiff shall have until **April 25, 2011**, to submit a single complaint which complies with Fed.R.Civ.P. 8, D.C.COLO.LCivR 8.1A, and this order. The complaint shall be submitted on the court's form. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page or two handwritten pages. Each claim shall be stated separately. Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief. Each claim shall not exceed two typewritten pages, double-spaced or four handwritten pages;

4. The plaintiff's failure to comply with this order may result in a recommendation that the plaintiff's case be dismissed; and

5. The Clerk of the Court shall enclose with this order a copy of the court's complaint form.

Dated April 6, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge