IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00540-REB-BNB

GEN. L. GRIER,

Plaintiff,

v.

CHASE BANK,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff initiated this case by filing a "Complaint Under Simplified Civil Procedure" in the Jefferson County District Court on February 1, 2011. *Defendant's Motion For A More Definitive Statement Pursuant to Fed. R. Civ. P. 12(e)* [Doc. #13], Ex. A [Doc. #2 in this court's docketing system]. He also filed a First Amended "Complaint Under Simplified Civil Procedure" on February 1, 2011. Id. at Ex. B [Doc. #3]. On February 2, 2011, the plaintiff filed in the Jefferson County District Court a "2nd Amended Complaint Under Simplified Civil Procedure." Id. at Ex. C [Doc. #5]. On February 11, 2011, the plaintiff filed in the Jefferson County District Court a one page document entitled "Amended Motion plus Amended Judgment Clause" which sought to amend the relief requested in the Second Amended Complaint. Id. at Ex. D [Doc. #6]. On February 15, 2011, the Jefferson County District Court entered an order granting the motion and construing it as a motion to amend the complaint. Id.

On March 4, 2011, the defendant removed the case to this court on the basis of federal question jurisdiction because the plaintiff "invokes certain laws of the United States" or, in the alternative, on the basis of diversity jurisdiction. *Notice of Removal*, [Doc. #1], p. 2.

On March 31, 2011, the defendant filed Defendant's Motion For A More Definitive Statement Pursuant to Fed. R. Civ. P. 12(e) [Doc. #13]. I granted the defendant's motion, finding the following:

> It is impossible to discern the substance of the plaintiff's claims. The plaintiff does not make clear the actions or inactions of the defendant and how those actions or inactions violate any particular statutory or constitutional provision. The plaintiff's complaints utterly fail to provide notice of his causes of action as required by Rule 8.

I struck the complaints for failure to comply with Fed. R. Civ. P. 8 and D.C.COLO.LCivR 8.1A and I directed the plaintiff to submit, on or before April 25, 2011, a single complaint which complies with Fed. R. Civ. P. 8, D.C.COLO.LCivR 8A, and my order. *Order* [Doc. #15, filed 4/6/2011]. I warned the plaintiff that failure to comply with my order could result in a recommendation that this action be dismissed.

The plaintiff has not submitted an amended complaint. Local Rule of Practice 41.1, D.C.COLO.LCivR., provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

I ordered the plaintiff to show cause [Doc. #25], in writing and on or before May 12, 2011, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to

comply with the Federal Rules of Civil Procedure, the local rules of this court, and my order regarding the filing of an amended complaint. I warned the plaintiff that failure to show cause on or before May 12, 2011, would result in my recommendation that this case be dismissed with prejudice.

The plaintiff did not respond to the show cause order. Therefore, this court may dismiss the action with prejudice pursuant to Rule 41.1. Before imposing dismissal with prejudice as a sanction, however, I must evaluate the following factors:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

Applying the Ehrenhaus factors, I find that the defendant has suffered prejudice. The defendant has removed this case from state court, paid the filing fee, and incurred the expense of filing a motion for a more definitive statement pursuant to Fed.R.Civ.P. 12(e) to address the plaintiff's failure to comply with Rule 8. Since initiating this case in the state court on February 2, 2011, the plaintiff has failed to provide the defendant with fair notice of the claims against it and the grounds upon which they rest.

The plaintiff's failure to file a proper complaint has interfered with the judicial process. Instead of addressing the merits of this case, I am addressing the plaintiff's failure to provide the court with a complaint which conforms with Rule 8.

The plaintiff is obviously culpable. I have provided the plaintiff with a clear and simple directive to file a complaint which complies with Rule 8, D.C.COLO.LCivR 8.1A, and my order. The plaintiff has failed to comply with my directive; and he has not shown good cause for his noncompliance.

In my order directing the plaintiff to file a proper complaint, I warned him that failure to do so could result in my recommendation that his case be dismissed [Doc. #15, p. 6]. In my order to show cause, I warned the plaintiff that I would recommend dismissal of this action with prejudice if he did not show good show cause for his failure file a complaint which complies with Rule 8, D.C.COLO.LCivR 8.1A, and my order. Thus, he has received adequate warning that dismissal of the action would be a likely sanction for noncompliance.

A sanction less than dismissal with prejudice would not be effective. The plaintiff has ignored an unambiguous order, and he has failed to show cause for his conduct. This conduct demonstrates a lack of respect for the court and the judicial system. Dismissal with prejudice is the only effective sanction.

I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE for the plaintiff's failure to comply with the Federal Rules of Civil Procedure, the local rules of this court, an order of this court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and

file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 17, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge